IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL RODNEY BOUGH                                    PLAINTIFF

vs.                              Civil No. 5:13-cv-05106

CAROLYN W. COLVIN                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

     Michael Rodney Bough ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

     Plaintiff protectively filed his disability applications on December 14, 2004.  (Tr. 57-59, 552).  In his applications, Plaintiff alleges being disabled due to the following:

> Articular cartilage defect of left knee My knee doesn't support my weight.  It tends to go out or lock up.  This is when it is painful.  Right now I can't stand up for more than a few minutes at a time and walking is done with a cane.  Damage to the left knee.

----

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 117-118).  Plaintiff alleges an onset date of September 7, 2004.  (Tr. 552).  These applications were denied initially and again upon reconsideration.  (Tr. 38-42).  Thereafter, Plaintiff requested an administrative hearing, this administrative hearing was granted, and the ALJ issued a fully unfavorable disability ruling denying Plaintiff disability benefits.  (Tr. 17-27).

Plaintiff then appealed that fully unfavorable decision to this Court.  *See Bough v. SSA,* 5:08-cv-05061 (W.D. Ark. Mar. 20, 2008).  On August 21, 2009, Plaintiff's case was reversed and remanded to give the ALJ the opportunity to fully comply with the requirements of *Polaski*.  ECF No. 11.  In that action, the ALJ was directed to "analyze and evaluate the Plaintiff's subjective complaints."  ECF No. 10 at 7.  After this remand, the ALJ held a second administrative hearing.  (Tr. 604-655).  This hearing was held on September 18, 2009 in Fayetteville, Arkansas.  *Id.*

Plaintiff was present at this hearing and was represented by counsel, Evelyn E. Brooks.  (Tr. 604-655).  Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing.  *Id.*  As of the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and  and 20 C.F.R. § 416.963(c) (2008) (SSI).  (Tr. 69).  As for his level of education, Plaintiff testified the highest level of education he completed was high school with a semester of college.  (Tr. 613).

On April 2, 2010, the ALJ entered a partially favorable disability determination.  (Tr. 552-564).  In this decision, the ALJ found Plaintiff was disabled as of January 1, 2008.  *Id.*  However, prior to January 1, 2008, the ALJ found Plaintiff was not disabled.  *Id.*

Specifically, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013.  (Tr. 555, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of September 7, 2004.  (Tr. 555, Finding 2).

2

The ALJ determined Plaintiff had the following severe impairments since the time of his alleged onset date: psoriatic arthritis, osteoarthritis, carpal tunnel syndrome (CTS), obesity, and depression. (Tr. 555, Finding 3).   However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 555-557, Finding 4).

In this decision, the ALJ evaluated Plaintiff's RFC both before January 1, 2008 and after January 1, 2008.  First, the ALJ evaluated Plaintiff's subjective complaints prior to January 1, 2008 and found his claimed limitations were not entirely credible.  (Tr. 557-561, Finding 5).  Second, the ALJ determined that, prior to January 1, 2008, he retained the RFC to perform a limited range of sedentary work:

> After careful consideration of the entire record, I find that prior to January 1, 2008, the date the claimant became disabled, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant could not climb ladders, ropes or scaffolds and could only occasionally climb ramps and stairs, balance, stoop, crouch, crawl and kneel.  He could have no more than moderate exposure to eights and uneven surfaces, no more than moderate extension and flexion of the wrists bilaterally and no more than occasional reaching with the right upper extremity.

*Id.*

The ALJ then evaluated Plaintiff's RFC beginning on January 1, 2008 and found he retained the following RFC after that date:

> After careful consideration of the entire record, I find that beginning on January 1, 2008, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant cannot climb ladders, ropes or scaffolds and can only occasionally climb ramps and stairs, balance, stoop, crouch, crawl and kneel.  He can have no more than moderate exposure to heights and uneven surfaces and no more than moderate extension and flexion of the wrists bilaterally, only occasional grasping and handling, and no more than occasional reaching with the right upper extremity.

3

(Tr. 561-562, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 562-563, Finding 7).  The ALJ found Plaintiff retained the capacity to perform his PRW prior to January 1, 2008 but did not retain the capacity to perform his PRW after that date.  (Tr. 562-563, Findings 7-8).  The ALJ also determined that after January 1, 2008, Plaintiff was unable to perform other work existing in significant numbers in the national economy.  (Tr. 563-564, Finding 12).  Based upon these findings, the ALJ determined Plaintiff was disabled after January 1, 2008 but not before that date.  (Tr. 564, Finding 13).

On May 24, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on June 12, 2013.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 14-15.  This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

4

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in considering his impairments in combination; (2) the ALJ erred in her credibility analysis; (3) the ALJ erred in her RFC determination; and (4) the ALJ erred by disregarding the opinions and findings of his primary treating physicians.  ECF No. 14.   Notably, Plaintiff only takes issue with the ALJ's findings *prior* to January 1, 2008.  As established above, *after* January 1, 2008, the ALJ found Plaintiff was disabled.  Upon review, because the ALJ improperly evaluated Plaintiff's subjective complaints dated prior to January 1, 2008, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*   The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).   The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, in assessing Plaintiff's subjective complaints dated prior to January 1, 2008, the ALJ did not comply with the requirements of *Polaski*.  (Tr. 557-561).  Indeed, the ALJ's failure to comply with *Polaski* is especially troubling because this is the second time Plaintiff's case has been remanded for proper consideration of *Polaski*.  *See Bough v. SSA,* 5:08-cv-05061 (W.D. Ark. Mar. 20, 2008).  In the prior case, the Court admonished the ALJ for mentioning "Plaintiff's daily activities and some medications taken by Plaintiff" but not discussing "inconsistencies in the claimed subjective complaints" and not performing "an analysis of the *Polaski* factors."  ECF No. 10 at 7.

Despite this admonishment in the prior case, the ALJ did not expressly outline any

7

inconsistencies or consider the *Polaski* factors in the present action. (Tr. 558). Instead, the ALJ merely stated she had complied with *Polaski* and then discounted Plaintiff's subjective complaints because they were not supported by the medical evidence in the record: "I have reviewed the claimant's subjective complaints of pain and considered the claimant's daily activities; the duration, frequency and intensity of the pain; the precipitating and aggravating factors; the dosage, effectiveness, and side effects of the medication; and the functional restrictions, as discussed more fully below. After considering all of these factors, I find that the claimant's pain was not disabling prior to the established onset date. *Before that date, medical evidence of record documented that his pain was being controlled, to a large extent, by medications*." *Id.* (emphasis added).

Importantly, even though the ALJ stated the *Polaski* factors were "discussed more fully below," the ALJ did not discuss those factors "more fully below." Instead, the ALJ solely focused upon Plaintiff's medical records to determine whether Plaintiff's subjective complaints were supported by them. (Tr. 557-561). Notably, the ALJ discounted Plaintiff's subjective complaints dated prior to January 1, 2008 based upon the following:

> After carefully considering the record in this matter prior to the established onset date, I conclude that the claimant retained the residual functional capacity to perform a range of sedentary exertional level work. *The residual functional capacity assessment is supported by the objective medical evidence of record* which documents that the claimant's condition had improved by July, 2007, enough for him to stop using pain medications and return to work as well as the mental health opinion of Dr. McCarty.

*Id.* (emphasis added). Again, the ALJ's decision to discount Plaintiff's subjective complaints was not based upon her analysis of the *Polaski* factors. The ALJ discounted Plaintiff's subjective complaints because they were not fully supported by the medical evidence in the record. This was improper. *See Polaski,* 739 F.2d at 1322 (holding the ALJ cannot discount a claimant's subjective

complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]").

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

        **ENTERED this 24th day of July 2014.**

                                                    /s/  Barry A. Bryant
                                                    HON. BARRY A. BRYANT
                                                    U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.